UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARIANO TREJO,<br><br>　　　　Defendant. | Case No. 5:16-cv-04104-HRL<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION RE REMAND TO STATE COURT**<br><br>Re: Dkt. Nos. 1, 3 |

　　Mariano Trejo removed this unlawful detainer action from the Monterey County Superior Court. He also seeks leave to proceed in forma pauperis (IFP). For the reasons stated below, the undersigned grants the IFP application, but nonetheless recommends that this matter be remanded to the state court for lack of federal subject matter jurisdiction.

　　A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that the applicant cannot pay the requisite filing fees. 28 U.S.C § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the applicant's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." Franklin v. Murphy, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief

1  may be granted; or (iii) seeks monetary relief against a defendant who is immune from such
2  relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Defendant qualifies financially for IFP status, and his
3  IFP application therefore is granted.  Even so, he may not proceed in this court because there is no
4  federal subject matter jurisdiction over this matter.

5  Removal to federal court is proper where the federal court would have original subject
6  matter jurisdiction over the complaint.  28 U.S.C. § 1441.  The removal statutes are strictly
7  construed against removal and place the burden on the defendant to demonstrate that removal is
8  proper.  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus
9  v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).  Additionally, the court has a continuing duty to
10 determine whether it has subject matter jurisdiction.  Fed. R. Civ. P. 12(h).  A case must be
11 remanded to the state court if it appears at any time before final judgment that the court lacks
12 subject matter jurisdiction.  28 U.S.C. § 1447(c).

13 Defendant fails to show that removal is proper based on any federal law.  Federal courts
14 have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the
15 United States." 28 U.S.C. § 1331.  A claim "arises under" federal law if, based on the "well-
16 pleaded complaint rule," the plaintiff alleges a federal claim for relief.  Vaden v. Discovery Bank,
17 129 S. Ct. 1262, 1272 (2009).  Defenses and counterclaims asserting a federal question do not
18 satisfy this requirement.  Id.  Defendant contends that he was not given sufficient notice of the
19 unlawful detainer complaint and argues that California's unlawful detainer laws are
20 unconstitutional.  Allegations in a removal notice or in a response to the complaint cannot provide
21 this court with federal question jurisdiction.  Plaintiff's complaint presents a claim arising only
22 under state law.  It does not allege any federal claims whatsoever.

23 Nor does this court find any basis for diversity jurisdiction.  Federal district courts have
24 jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of
25 $75,000 (exclusive of interest and costs) and is between citizens of different states.  28 U.S.C.
26 §1332.  Defendant fails to identify the citizenship of each party.  But, this is of no import since the
27 complaint indicates that the amount in controversy does not exceed $10,000.  Moreover, unlawful
28 detainer actions involve the right to possession alone, not title to the property.  So, the fact that the

subject property may be worth more than $75,000 is irrelevant. MOAB Investment Group, LLC v. Moreno, No. C14-0092EMC, 2014 WL 523092 at *1 (N.D. Cal., Feb. 6, 2014); Maxwell Real Estate Investment LLC v. Bracho, No. C12-02774RMW, 2012 WL 2906762 at *1 (N.D. Cal., July 13, 2012).

There being no basis for federal jurisdiction over plaintiff's unlawful detainer action, the removal of this case was improper. Trejo is advised that future attempts to remove this matter may result in sanctions.

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge remand the case to the Monterey County Superior Court. Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. Fed. R. Civ. P. 72.

SO ORDERED.

Dated: July 26, 2016

_____
HOWARD R. LLOYD
United States Magistrate Judge

1   5:16-cv-04104-HRL Clerk sent copies of this order by U.S. Mail on July 26, 2016 to:

Michael D. Zeff
Rosenthal, Withem & Zeff
16027 Ventura Blvd., Suite 320
Encino, CA 91436

Mariano Trejo
1319 Mazatlan Street
Salinas, CA 93905